IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JALENE LYNN FORCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CV-05062-DGK-SSA |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Jalene Force's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of hypertension, osteoarthritis, fibromyalgia, and obesity, but she retained the residual functional capacity ("RFC") to perform past relevant work as a cashier.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her applications for disability insurance benefits and SSI on March 18, 2018, alleging a disability onset date of December 2, 2017. The Commissioner denied the applications

at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on October 30, 2019, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on May 28, 2020, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate. *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin, 789 F.3d 847, 852* (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Two by finding that her depression and anxiety were not severe impairments and at Step Four in determining that she could perform light work. Both arguments are unavailing.

**I.     The ALJ did not err in finding Plaintiff's depression and anxiety were non-severe.**

Plaintiff contends the ALJ erred at Step Two in finding her depression and anxiety were non-severe impairments. She argues the ALJ wrongfully relied heavily on her activities of daily living in concluding these were non-severe impairments. Plaintiff argues these activities are misleading as to her abilities or, at the very least, they are consistent with a finding that her depression and anxiety were severe impairments.

These arguments are not persuasive. The ALJ did not err in assessing the severity of Plaintiff's depression and anxiety. To meet the Step Two "severity" requirement, Plaintiff had the burden of showing she had (1) a "medically determinable" impairment or combination of impairments which (2) significantly limited her physical or mental ability to perform basic work activities without regard to age, education, or work experience for the required twelve-month duration. 20 C.F.R. §§ 416.920(c), 416.921(a); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). An impairment is "non-severe" if it has no more than a minimal impact on an individual's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a); SSR 96-3p, 1996 WL 374181, at *1 (July 2, 1996). "Basic work activities" include mental capacities

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

for understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b)(3)-(6), 416.921(b)(3)-(6). Slight abnormalities that do not significantly limit a basic work activity are considered "not severe." *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989). Although severity is not an onerous requirement, it is not a toothless standard either. *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

Here, Plaintiff did not meet her burden of showing that her mental impairments were severe impairments. In evaluating Plaintiff's impairments, the ALJ considered the four Psychiatric Review Technique ("PRT") factors[2] and found that Plaintiff had mild limitations in each of the four categories of mental functioning – understanding, remembering, and applying information; interacting with others; concentrating, persisting, and maintaining pace; and adapting and managing oneself. R. at 13. These findings are supported by the record, including medical and other evidence. For example, with respect to the first category, the ALJ noted Plaintiff was able to sufficiently understand, remember, and apply information while filling out all the required forms to file her disability claim. R. at 13. She also contacted and hired an attorney to represent her; she spoke with and provided information to an SSA field office employee during the tele-claim process; and she remembered and provided her email account and telephone number to communicate with others during the process. R. at 13, 152, 185-86, 188. The SSA employee she interacted with during the tele-claim process observed no problems with Plaintiff's ability to understand, concentrate, answer questions, or be coherent during their conversation. R. at 13, 186. The consultative examiner also observed that Plaintiff conversed with him, followed examination commands, was pleasant, and showed no signs of cognitive deficits. R. at 21, 286. Additionally,

---

[2] Effective January 17, 2017, SSA issued Revised Medical Criteria for Evaluating Mental Disorders, including new Listings. See 81 Fed. Reg. 66,138 (Sept. 26, 2016). Included among the revisions was a change to the four factors previously considered under the "special technique" for evaluating mental disorders.

as the ALJ noted, during the hearing, Plaintiff answered questions thoroughly and without distress. R. at 13, 37. The ALJ's findings concerning the three other PRT factors are similarly well-supported by the record.

As for Plaintiff's claim that her activities were not inconsistent with a finding of severe mental impairments, assuming for the sake of argument that this is even true, this claim is unavailing: where the evidence supports two possible outcomes, one of which is the ALJ's decision, the Court must affirm the ALJ's findings. *England v. Astrue*, 490 F.3d 1017, 1019 (8th Cir. 2007) ("If substantial evidence supports the decision, we will not reverse, even if substantial evidence could have been marshaled in support of a different outcome.")

**II.     The ALJ did not err in finding Plaintiff could perform light work.**

Plaintiff contends the ALJ's conclusion at Step Four that she could perform light work with non-exertional limitations is not supported by substantial evidence. Plaintiff argues the ALJ erred here in two ways. First, by failing to express the RFC on a function-by-function basis and instead describing it in exertional terms ("light work"), which Plaintiff contends violates SSR 96-8p. More specifically, Plaintiff contends the ALJ did not address her limitations in standing and walking before concluding she could perform light work. Second, the ALJ erred by failing to identify substantial evidence supporting the conclusion that she could perform the standing and walking requirements of light work.

The first claim is unpersuasive because the Eighth Circuit has held that an ALJ can comply with SSR 96-8p even if he does not make explicit findings with respect to each functional limitation. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003).[3] There is no per se

---

[3] This also appears to be the position of at least four other circuit courts of appeal. *See Drennen v. Astrue*, No. 10-CV-6007MAT, 2012 WL 42496, at *4 (W.D.N.Y. Jan. 9, 2012) (citing the following cases outside of the Eighth Circuit: *Carrigan v. Astrue*, 2:10–CV–303, 2011 WL 4372651 (D.Vt.2011) (citing *Zatz v. Astrue*, 346 F. App'x 107, 111 (7th Cir.2009); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir.2005); *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir.2002) (citing *Bencivengo v. Comm'r of Soc. Sec.*, 251 F.3d 153 (3d Cir.2000))).

requirement that the ALJ discuss functions that are not limited. *Id*. Remand is only necessary where the ALJ describes the RFC in such general terms that the court is unable to determine whether the ALJ limited the claimant's RFC in some way. *Id*. Here the ALJ's decision demonstrates that he did consider Plaintiff's limitations in standing and walking, and he adopted the opinion of the State agency medical consultant, Dr. Manuel Salinas, M.D., who found Plaintiff was limited to "stand and walk about 6 hours and sit about 6 hours in an 8-hour workday." R. at 19.

While the ALJ's decision would have been clearer had he discussed Plaintiff's ability to stand and walk in one location in his opinion, as opposed to several different places, the ALJ plainly weighed and considered three different medical opinions concerning her ability to walk and stand. He endorsed Dr. Salinas's opinion that Plaintiff could "stand and walk about 6 hours and sit about 6 hours in an 8-hour workday," finding it persuasive because he was familiar with the standards and definitions relevant to disability determinations, his opinion was well supported, and it was consistent with the evidence. R. at 19. The ALJ also considered the opinion of Dr. C. Tucker Joustra, D.O., who the ALJ noted opined Plaintiff could only "sit 15 minutes at a time for a total of less than 2 hours and stand for 15 minutes at a time for a total of less than 2 hours," and would "need to shift positions at will from sitting, standing, or walking." R. at 19. The ALJ discounted his opinion because he provided little explanation for these great restrictions. R. at 19. Finally, the ALJ considered a report from Dr. Jason Slack, D.O., who was told by Plaintiff that she could only sit for 30 minutes, stand for 30 minutes, and walk for 15 minutes. R. at 20. The ALJ noted that "[i]n contrast with the limitation the claimant asserted," Dr. Slack "found she could sit for 6 hours, stand for 4 hours and walk for 3 hours." R. at 20. The ALJ determined that although Dr. Slack's opinion was "more supported and much more consistent with the evidence than the extreme limitations" recommended by Dr. Joustra, the opinion of the "State agency medical

6

Case 3:20-cv-05062-DGK   Document 23   Filed 01/07/22   Page 6 of 7

consultant [was] better supported and more consistent with the medical evidence of record and as explained above . . . [more] persuasive about exertional limitations." R. at 21. All of these findings are supported by the record, so there is no error.

As for Plaintiff's complaint that the ALJ erred by failing to identify substantial evidence supporting the conclusion that she could perform the standing and walking requirements of light work, the ALJ plainly endorsed Dr. Salinas's views on this subject. And in his report, Dr. Salinas specifically opined that Plaintiff could "Stand and/or walk (with normal breaks) for a total of: About 6 hours in an 8-hour workday," "Sit (with normal breaks) for a total of: About 6 hours in an 8-hour workday," and she "demonstrated the maximum sustained work capability" for light work. R. at 69, 72. Under the circumstances, this is sufficient.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   January 7, 2021                             /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT